## Liverpool & London & Globe Insurance Company v. Rosenberg.

(Decided December 4, 1925.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Insurance—Evidence of Total Destruction of Building Held for Jury.—In action on fire policy, where several walls of building remained standing, evidence as to whether building was total loss held for jury.

2. Appeal and Error—Refusal of Instructions, After Giving of One Agreed to Cover Law of Case, Not Error.—Where general instruction offered by defendant was given without objection by plaintiff, so as to amount to virtual agreement that it covered the law of the case, subsequent refusal of instructions offered covering the same matter, but with more elaboration, held proper.

GALVIN & TRACY, HARMON, COLSTON, GOLDSMITH & HOADLY, M. L. GALVIN and J. LOUIS KOHL for appellant.

MILTON H. McLEAN for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

In May, 1920, appellee was the owner of some brick buildings fronting on Madison avenue in Covington. The insurance policy hereinafter referred to described them as two four-story brick buildings, situated at certain numbers on Madison avenue; but as a matter of fact the two buildings really consisted of one large brick building, the front part thereof being what was formerly the Latonia Hotel, and which fronted about 72 feet on Madison avenue, and extended back 50 feet or more. The other building is referred to as the new building, and is joined to the wall of the old building on the east side and extends east from the wall of the old building for 45 feet. The older building, known in the record as the Latonia Hotel building, was in use at the time the policy was issued for mercantile purposes, while the newer building in the rear was in use as a salesroom and warehouse.

On the 3rd of March, 1923, the newer building was totally destroyed by fire, as is conceded, and the fire worked its way into the older building and there did a great deal of damage, and the chief question on this appeal is whether or not there was a total destruction of the older building.

After the fire certain appraisers estimated the total loss at $49,282.00, while there was in effect at the date of the fire policies aggregating $79,000 issued in various amounts by forty or more insurance companies. Appellant's proportion of this loss under its $4,500.00 policy would have been $2,843.19, which amount it offered to pay. But appellee, claiming a total loss, declined to accept the same and instituted this action on her policy.

On a trial the jury returned a verdict for the plaintiff for the full amount of the policy, upon which judgment was entered, and this appeal results.

The pleadings sharply present the issue whether the loss on the old hotel property was or not a total loss, and in addition to that there is raised on this appeal a question as to the instructions.

A great volume of testimony was given on both sides, very contradictory in its nature, by builders and contractors, by building inspectors and firemen, as to the extent of the injury to the old hotel building; but the controversy seems to have revolved chiefly around the condition of the west wall 72 feet long, the south wall more than 50 feet long, and the east wall to which was joined the newer building which was concededly a total loss.

The evidence tended to show that the fire entered two and possibly three of the floors in the old building, and destroyed the floors on two stories, and the wooden frame work in the windows in addition to the personal property contained therein; also in addition the heat, water and smoke had weakened the internal walls or partitions.

It was conceded on the trial

"That the south wall of the structure described in the evidence as the old Latonia Hotel building, above the second floor level and from the rear line of the first row of windows from Madison avenue to the rear end of said south wall, was in such condition after the fire as that restoration thereof would require the complete wrecking of the said wall from the roof to the said second floor level back of said windows, leaving proper provision to tie the new part thereof to the other part thereof left standing, and the rebuilding of such part of said wall was thus required to be wrecked."

This means that only the first story along the south wall, and a few feet of the brick work of the wall of the

other three stories next to Madison avenue would remain intact, while the balance of that south wall must be wrecked.

This south wall, so admitted to have been at least partially weakened and injured, was joined to the east wall at the southeast corner of the old hotel building, and to the west or front wall at the southwest corner of the building.

The evidence for the plaintiff tended to show that there was a considerable bulge and crack in the east wall to which the south wall was joined, as well as to show that the whole of the south wall was so injured that it would all have to be torn down, and that both the east and west walls to which that south wall was joined depended upon support from the south wall, and that therefore it was wholly impracticable to reconstruct a building to the walls as they were left by the fire.

From the very nature of things much of this evidence by contractors and inspectors was of an expert nature, and their opinions based upon expert knowledge. Not only was there a variance in the evidence as to the opinion of the experts, but there was a decided conflict as to certain physical facts touching upon the condition of the walls after the fire, how much they were out of plumb, if any, whether they were cracked and the extent of the cracks, etc.

Without going into further detail as to the evidence introduced by the plaintiff, it is sufficient to say that it tended strongly to show that the condition of these several walls was such that they could not form the basis for a reconstruction of the old building, and that therefore the loss was a total one,

The conflict in the evidence, however, was such that a verdict by the jury for either side could not be held flagrantly against the evidence.

Appellant is complaining also that the court erred in refusing to give instructions A and B offered by it on the trial, and that complaint grows out of the following state of fact disclosed by the bill of exceptions: Defendant first offered instruction No. 1, to which the plaintiff did not object, and, as recited, "said instruction without objection is given to the jury." That instruction is as follows:

"The court instructs the jury that if they believe from the evidence that after the fire of March 3rd, 1923, any substantial part of the old Latonia

Hotel building described in the proof and covered by the policy, was left standing so that by proper repair the building could be re-established in substantially the condition it was before the fire, then the loss was partial and your verdict must be for the plaintiff, but must not exceed the sum of $2,843.19.''

After defendant had offered that instruction and the plaintiff had not objected to its giving, then defendant offered instructions A and B upon the same subject matter as that embraced in the instruction that had been given by agreement, but in different language and with more elaboration.

Under this state of the record it is unnecessary for us to pass upon the sufficiency or correctness of either the instruction given or those thereafter offered. The parties to all intents and purposes agreed that the instruction offered by the defendant, and accepted by the plaintiff, embraced the law of the case, and obviously it would have been improper thereafter for the court to give a different instruction or instructions upon the same subject.

We may say, however, that while the instruction given may not have been technically correct, as a matter of fact it indirectly submitted the one vital issue between the parties in the case, that is, whether the loss was a total one or only a partial one.

Judgment affirmed.